IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Deutsche Bank National Trust Company, etc.,     Case No. 3:09 CV 288

                        Plaintiff,     MEMORANDUM OPINION
                                  AND ORDER
      -vs-
                                  JUDGE JACK ZOUHARY

Jeffrey A. Weickert, et al.,

                       Defendant.

The questions before this Court are: (1) whether this Court has jurisdiction of this case under the Class Action Fairness Act; and (2) whether Defendants Home Loan Services and Lerner, Sampson & Rothfuss can properly remove. This Court finds it has jurisdiction and removal was proper. Therefore, it accepts jurisdiction and denies the Motion for Remand (Doc. No. 14).

This case began as a foreclosure action in the Sandusky County Court of Common Pleas. Plaintiff Deutsche Bank National Trust Co. ("Deutsche") brought a foreclosure action against Defendants Jeffrey and Katrina Weickert ("the Weickerts").

In their answer to Deutsche's foreclosure complaint, the Weickerts asserted a number of counterclaims against Deutsche, in addition to claims against Home Loan Services ("HLS"), Lerner, Sampson & Rothfuss ("LSR"), and Elite Home Mortgage ("EHM"), thereby joining those new parties ostensibly under Ohio Civil Rule 20. The counterclaims and additional claims were styled as class-action complaints under the Ohio Rules of Civil Procedure. The Weickerts thus became the class-

action plaintiffs, and Deutsche, HLS, LSR, and EHM became class-action defendants. The class members were defined by the Weickerts as follows:

> All persons who are or were mortgagors of real estate of their residence and were or are Defendants in a foreclosure action brought by Deutsche Bank National Trust Company or First Franklin Loan Services [now d/b/a Home Loan Services] who were told in writing by Third-Party Defendant Lerner Sampson & Rothfuss or First Franklin Loan Services that the defendant was obligated to pay the Plaintiff attorney fees and other expenses in order to bring the note and mortgage current or to reinstate the loan.

(Weickert Amend. Compl., Sandusky County Common Pleas, ¶ 18). According to the Weickerts, this would encompass "hundreds of thousands of Class members" (*id.* at ¶ 19).

The Weickerts asserted the following claims on behalf of the class:

1. Breach of contract [against Deutsche and HLS];
2. Unjust enrichment [against Deutsche and HLS];
3. Accounting torts [against Deutsche and HLS];
4. Fair Debt Collection Act claims [against LSR];
5. RESPA claims [against HLS];
6. Breach of fiduciary duties [against EHM]; and
7. Breach of Ohio Mortgage Broker Act [against EHM].

HLS and LSR filed a Notice of Removal to this Court on February 6, 2009 (Doc. No. 1). HLS and LSR cite the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), as the basis of this Court's jurisdiction. *See* 28 U.S.C. § 1453. Under CAFA, *any* defendant to the class action can remove to a district court without regard to whether any defendant is a citizen of the State in which the action is brought. § 1453(b). The consent of other defendants is not required. *Id.* Furthermore, only minimal diversity is required. § 1332(d)(2).

Here, the Weickerts, the lead plaintiffs in the class action, are Ohio residents. Class-action defendants Deutsche and HLS are Pennsylvania corporations. EHS is an Iowa citizen, and LSR is an Ohio citizen. Therefore, there is minimal diversity here. To obtain jurisdiction through CAFA, the amount in controversy must exceed $5,000,000. This amount may be aggregated. Given the

allegation that the class encompasses "hundreds of thousands of Class members," this requirement is also satisfied. Finally, under CAFA, the number of proposed plaintiffs in the class must exceed 100. This requirement is also met based on the Weickerts' description of the proposed class.

There are a couple of instances in which the court is required to decline jurisdiction under CAFA, such as the "local-controversy exception" under 28 U.S.C. § 1332(d)(4). In order for this exception to apply, among other requirements, more than two-thirds of the members of the proposed class in the aggregate must be citizens of Ohio; and at least one defendant "from whom significant relief is sought" must be an Ohio citizen and the injuries must have occurred in Ohio. *See* 16 MOORE'S FEDERAL PRACTICE § 107.15[13][b] (3d ed. 2008).

This Court ordered the parties to brief the issue of whether this Court has subject matter jurisdiction under CAFA; specifically, whether the CAFA requirements are met and whether any of the CAFA exceptions apply (Doc. No. 6). All parties agreed the CAFA requirements are met on the face of the pleadings and that none of the CAFA exceptions apply.

However, the Weickerts filed a Motion for Remand, arguing instead that HLS and LSR were "third-party defendants" and could not remove. Defendants filed an Opposition (Doc. No. 18), arguing (1) that the Motion for Remand was untimely, and (2) that they were not technically "third-party defendants" and were thus capable of removing.

LSR and HLS are not "third-party defendants" (aka "impleader") under Civil Rule 14. Rule 14(a)(1) states that a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty *who is or may be liable to it for all or part of the claim against it*." (emphasis added). "The third-party practice, or impleader, rule permits a defending party (usually a defendant) to bring a new party into a pending case, but only if that absentee is or may be liable to the defending party

3

for all or part of the claim against it." 3 MOORE'S § 14.03[1]. Furthermore, "[i]t bears repeating that impleader is available only for the assertion of derivative claims or 'claims over' against the third party. It does not permit joinder of a new party for the assertion of any other claims, even transactionally related claims." *Id.* The liability of the third-party defendant to the party that impleaded it must be for losses sustained by that party as a result of plaintiff's claim; unrelated liability to the defendant is not a basis for impleader. § 14.04[2].

The facts of an older case -- *Brooks v. Hickman*, 101 F.R.D. 16 (W.D. Pa. 1984) -- are similar to those here. There, defendant alleged liability of a "third-party defendant" in defendant's claim against plaintiff, but defendant did not allege any liability of the proposed "third-party defendant" as to plaintiff's claims against defendant. The court held this did not assert a basis for a third-party complaint. Rather, the court noted that "[i]t appears that Rule 20, Permissive Joinder of Parties, may well be applicable. Joinder of defendants is permitted where the claims arise from the same transaction nexus. Rule 20 is specifically made applicable to counterclaims by Rule 13(h)." *Id.* at 18.

Here, the Weickerts are asserting completely distinct claims against LSR and HLS from those arising out of the Deutsche's foreclosure action against the Weickerts. In other words, this is not an instance where the Weickerts argue, "if we are liable to Deutsche, LSR, HLS, and EHM are liable to us on that claim." Rather, the Weickerts assert wholly new tort claims against LSR, HLS, and EHM, albeit arising out of the same basic set of facts. The Weickerts' class-action complaint does not allege derivative liability; i.e., that LSR, HLS, and EHM may be liable for all or part of Deutsche's claim against them.

4

Because LSR and HLS are not "third-party defendants," they were necessarily joined to this action by permissive joinder under Civil Rule 20(a). Party joinder "may be used by a[n] [original] defendant only if the defendant has asserted a counterclaim or crossclaim in the action." 4 MOORE'S § 20.02[1][b]. An original defendant who has asserted a counterclaim or crossclaim is treated as a plaintiff for purposes of permissive party joinder. 4 MOORE'S § 20.02[2][b][i]. The Weickerts asserted counterclaims against Deutsche under Civil Rule 13, and therefore under Rule 13(h) they may join parties under Civil Rules 19 and 20. Under Civil Rule 20(a)(2), parties may be joined as defendants to an action so long as the claim against them arises out of a common question of law or fact. *See, e.g., Various Markets, Inc. v. Chase Manhattan Bank, N.A.*, 908 F. Supp. 459, 470-71 (E.D. Mich. 1995).

Here, the claims against LSR, HLS, and EHM arise from the same issues of fact and law that form the basis of the Weickerts' counterclaim against Deutsche. Therefore, LSR, HLS, and EHM are class-action defendants to the Weickerts' class action complaint, and may properly remove this case to this Court under CAFA.

For the foregoing reasons, this Court accepts jurisdiction and denies the Weickerts' Motion for Remand.

IT IS SO ORDERED.

            s/ *Jack Zouhary*
            JACK ZOUHARY
            U. S. DISTRICT JUDGE

            April 15, 2009