IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Deutsche Bank National Trust Company, etc.,          Case No. 3:09 CV 288

                               Plaintiff,          SUPPLEMENTAL MEMORANDUM
                                        OPINION AND ORDER

      -vs-

                                         JUDGE JACK ZOUHARY

Jeffrey A. Weickert, et al.,

                              Defendant.

This Court asked the parties to again address this Court's subject-matter jurisdiction in this case (Doc. No. 33). Parties filed corresponding memoranda (Doc. Nos. 35-36). For the reasons stated below, this Court confirms and supplements its prior Order (Doc. No. 21) accepting jurisdiction. Furthermore, this Court certifies its Orders accepting jurisdiction for an interlocutory appeal and stays all proceedings in this case pending the decision of the Court of Appeals.

## BACKGROUND

The underlying facts of this case bear repeating. This case began in the Sandusky County Court of Common Pleas where Deutsche Bank National Trust Co. ("Deutsche") brought a foreclosure action against Jeffrey and Katrina Weickert ("the Weickerts").

In their answer to the foreclosure complaint, the Weickerts asserted a number of counterclaims against Deutsche, and also claims against Home Loan Services ("HLS"), Lerner, Sampson & Rothfuss ("LSR"), and Elite Home Mortgage ("EHM"), joining them as new parties to the action, ostensibly under Ohio Civil Rules 13(h) (joinder of parties to counterclaim) and 20 (permissible joinder). The

counterclaims and additional claims were styled as class-action complaints, with the Weickerts as

class-action plaintiffs, and Deutsche, HLS, LSR, and EHM as class-action defendants.  According to

the Weickerts, the class would encompass "hundreds of thousands of Class members" (Weickert

Amended Complaint ¶ 19).

The Weickerts asserted the following seven claims on behalf of the class:

- Breach of contract [against Deutsche and HLS];
- Unjust enrichment [against Deutsche and HLS];
- Accounting torts [against Deutsche and HLS];
- Fair Debt Collection Act claims [against LSR];
- RESPA claims [against HLS];
- Breach of fiduciary duties [against EHM]; and
- Breach of Ohio Mortgage Broker Act [against EHM].

HLS and LSR filed a Notice of Removal to this Court on February 6, 2009 (Doc. No. 1).  HLS

and LSR cite the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), as the basis for this

Court's jurisdiction.  Under CAFA, "*any* defendant" to the class action can remove to a district court,

without regard to whether any defendant is a citizen of the State in which the action is brought.  28

U.S.C. § 1453(b).

The Weickerts filed a Motion to Remand (Doc. No. 14), arguing HLS and LSR were "third-

party defendants," and therefore unable to remove.  In its prior Order (Doc. No. 21), this Court

concluded HLS and LSR were not "third-party defendants" under the Ohio Civil Rules, but rather

were counterclaim defendants joined under Civil Rules 13 and 20 and entitled to remove under

CAFA.[1]

---

[1]

This Court also concluded, and the parties stipulated, that the aggregated amount in controversy exceeds $5 million, minimal diversity exists, and none of CAFA's exceptions to diversity jurisdiction apply.

2

Following the prior Order accepting jurisdiction, another judge in this Court reached the opposite conclusion in a similar case -- *Wells Fargo Bank v. Gilleland*, ___ F. Supp. 2d ___, 2009 WL 1530156 (N.D. Ohio Jun. 2, 2009) (party joined to foreclosure action by original defendant's counterclaims not entitled to remove under CAFA).

## WHICH PARTIES ARE ENTITLED TO REMOVE UNDER CAFA?

HLS and LSR, counterclaim defendants, removed under CAFA.  The relevant section of CAFA provides:

> **(b) In general.**--A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

28 U.S.C. § 1453(b).  By comparison, the general removal statute, 28 U.S.C. § 1441, provides that cases "may be removed by *the* defendant or *the* defendants." 28 U.S.C. § 1441(a).[2]  It is clear an original plaintiff who is also a counterclaim defendant cannot remove under Section 1441(a). *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).  Furthermore, this portion of Section 1441(a) has been interpreted by some courts to require the removing defendant to be an *original* defendant to the action as it was *originally* filed, and parties joined to the action as counterclaim

---

[2]  That section reads:

> **(a)** Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

3

defendants do not constitute "original defendants."[3]  *See, e.g., CapitalSource Fin., LLC v. THI of Columbus, Inc.*, 411 F. Supp. 2d 897, 899 (S.D. Ohio 2005); *Starr v. Prairie Harbor Dev. Co., Inc.*, 900 F. Supp. 230, 233 (E.D. Wis. 1995); *Dartmouth Plan, Inc. v. Delgado*, 736 F. Supp. 1489, 1492 (N.D. Ill. 1990).  These cases, however, were not CAFA cases and relied on the proposition that the general removal statute must be narrowly construed under federalism principles.  *See, e.g., Shamrock Oil*, 313 U.S. at 108-09 ("The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution.").

Neither the Supreme Court nor the Sixth Circuit has addressed whether and how CAFA removal under Section 1453(b) impacts traditional removal under Section 1441(a).  Certainly there is a tension between the two statutes: CAFA uses the phrase "*any* defendant" while Section 1441(a) uses the phrase "*the* defendant or *the* defendants."

Two circuits have addressed CAFA removal.  In *Progressive West Ins. Co. v. Preciado*, 479 F.3d 1014, 1017-18 (9th Cir. 2007), the Ninth Circuit held that CAFA did not enable a counterclaim defendant *who was the original plaintiff* to remove to federal court.  Such is not the case here.  HLS and LSR were not original plaintiffs; they were joined via the class-action counterclaim.

---

[3]

Because this Court concludes CAFA expands removal authority under Section 1453(b), it need not consider whether this is a correct interpretation of 28 U.S.C. § 1441(a).  Neither the Supreme Court nor the Sixth Circuit has directly addressed the question of whether a party joined to an action as a counterclaim defendant, who was not an original plaintiff, is a "defendant" for purposes of 28 U.S.C. § 1441(a).  In *Shamrock Oil*, 313 U.S. 100, 108 (1941), the Supreme Court held that "*the* defendant" refers to the original defendant and not a counterclaim defendant *who was also the plaintiff*.  That is not the case here.  HLS and LSR were not original plaintiffs.  The Sixth Circuit has held that third-party defendants cannot remove under 28 U.S.C. § 1441(a). *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002).  Again, that is not the case here because HLS and LSR are counterclaim defendants.

4

Directly on point is a recent split decision from the Fourth Circuit, which illustrates the two competing interpretations of Section 1453(b).  In *Palisades Collections, LLC v. Shorts*, 552 F.3d 327 (4th Cir. 2008), *cert. denied* ___ S. Ct. ___, 2009 WL 700065 (Jun. 22, 2009), a collection agency filed suit in state court to collect $794.97 in unpaid charges on defendant Shorts' cellular phone contract. *Id.* at 329.  Shorts responded by filing class-action counterclaims of consumer fraud against the collection agency, as well as AT&T Mobility, the phone service provider.  *Id.*  AT&T was joined to the action as a counterclaim defendant.  *Id.*  AT&T removed the case to federal district court, citing CAFA as the basis for federal jurisdiction.  *Id.*  Shorts filed a motion for remand, arguing AT&T was not a "defendant" pursuant to the general removal statute, Section 1441(a).  *Id.* at 329-30.  The district court remanded the case back to state court, concluding: (1) AT&T was not a "defendant" for purposes of removal under Section 1441; and (2) CAFA does not create independent removal authority.  *Id.* at 330.  AT&T appealed the district court's holding.

A 2-1 majority of the Fourth Circuit affirmed the district court's conclusions, holding that (1) an additional counter-defendant is not a "defendant" within the meaning of Section 1441(a), and (2) CAFA did not allow removal by counter-defendants.  *Id.* at 333-36.  In a well-reasoned dissent, Justice Niemeyer examined the relevant text of CAFA, as well as the legislative history, and concluded that CAFA expanded removal authority to include counterclaim defendants:

> Section 1441(a) states the general rule for removal authority . . . .  This language is the basis for both the rule that *all* defendants must unanimously consent to removal, *see Chicago Rock Island & Pac. Ry. v. Martin*, 178 U.S. 245, 247 (1900), and the rule that only *original* defendants can remove, *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106-08 (1941).  But 28 U.S.C. § 1453(b), which was added by CAFA, provides a different rule for removal of class actions over which the district court has removal jurisdiction.  It states that a class action "may be removed by *any* defendant without the consent of all defendants" (emphasis added).  This language expands removal authority in the CAFA context.

5

*Id.* at 338.

This Court agrees with Judge Niemeyer that CAFA expanded removal authority to include parties added as counterclaim defendants to a class action by authorizing removal by "*any* defendant," rather than "*the* defendant."  "Read naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'" *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 128 S. Ct. 831, 835-36 (2008).  "A counterclaim defendant is certainly a 'kind' of defendant and falls easily within 'indiscriminately of whatever kind' of defendant." *Palisades Collections*, 552 F.3d at 339 (Niemeyer, J., dissenting).

The *Palisades Collections* majority reconciled the discrepancy between "*the* defendant" in Section 1441(a) and "*any* defendant" in Section 1453(b) by concluding that Congress intended to overrule only the requirement that defendants must unanimously consent to removal.  *Id.* at 335-36. This interpretation, however, runs afoul of the congressional purpose of enacting CAFA.

Congress intended to expand federal diversity jurisdiction in certain qualifying class actions (those where the claim exceeds $5 million, the class includes at least 100 plaintiffs, and minimal diversity exits).  The "Findings" section of CAFA reflected this "national importance":

> (4) Abuses in class actions undermine the national judicial system, the free flow of interstate commerce, and the concept of diversity jurisdiction as intended by the framers of the United States Constitution, in that State and local courts are --
>     (A) keeping cases of national importance out of Federal court;
>     (B) sometimes acting in ways that demonstrate bias against out-of-State defendants; and
>     (C)  making judgments that impose their view of the law on other States and bind the rights of the residents of those States.

CAFA § 2(a)(4) , Pub. L. No. 109-2, 119 Stat. 4, 5 (2005).  Congress went on to state that one of the purposes of CAFA was to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity

jurisdiction." CAFA § 2(b)(2).  Concluding that a lawsuit that otherwise qualifies under CAFA is not of national importance merely because the class-action plaintiffs brought the claim via counterclaims rather than an original complaint contravenes clear congressional intent.

By enacting CAFA, Congress intended to open the federal courts to qualifying class actions; this clear intent eliminates the federalism concerns which animated the rule of construction that removal statutes be read narrowly.  *See Shamrock Oil*, 313 U.S. at 108-09.

The plain text of CAFA, and the expressed congressional purpose in passing the statute, support this Court conclusion that 28 U.S.C. § 1453(b) authorizes class-action defendants, joined by way of a counterclaim, to remove to federal court.  Therefore, HLS and LSR properly removed, and this Court has jurisdiction over the matter.

### INTERLOCUTORY APPEAL CERTIFICATION

District courts may certify an order for interlocutory appeal under 28 U.S.C. § 1292(b).  That statute provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Thus, under Section 1292(b), this Court may certify this Order for interlocutory appeal only upon concluding: (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation.  *See In re City of Memphis*, 293 F.3d 345,

7

350 (6th Cir. 2002); *see also Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974).  Certification of an interlocutory order for appeal is warranted only in exceptional cases, where early appellate review might avoid protracted and expensive litigation.  *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

**Controlling Question of Law**

"A legal issue is controlling if it could materially affect the outcome of the case," *In re City of Memphis*, 293 F.3d at 351.  Clearly the issue of federal subject-matter jurisdiction would materially affect the final disposition of this case.  Reversal of this Court's Order finding jurisdiction would bar this case from being heard at all in federal court.

**Substantial Grounds for Difference of Opinion**

A district court within the Sixth Circuit has stated: "Substantial grounds for a difference of opinion exist when (1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *West Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1019 (W.D. Tenn. 2000) (internal quotations omitted).  Any one of these grounds would satisfy this test, yet all three are present in this case.  As discussed extensively, *supra*, and as illustrated by the Fourth Circuit's split opinion in *Palisades Collections*, there is a legitimate basis for the difference of opinion -- namely statutory construction that is arguably amenable to either interpretation; this is an issue of first impression for the Sixth Circuit; and courts within the Northern District of Ohio are split.  *Compare* this Court's Order, *supra*, *with Wells Fargo Bank v. Gilleland*, ___ F. Supp. 2d ___, 2009 WL 1530156 (N.D. Ohio Jun. 2, 2009).  Therefore, a substantial question exists.

**Materially Advance Ultimate Termination of Litigation**

The final consideration is whether an interlocutory appeal may materially advance the termination of the litigation.  An appeal may satisfy this requirement if it "save[s] judicial resources and litigant expense."  *W. Tenn. Chapter*, 138 F. Supp. 2d at 1026.  The parties are in the early stages of litigation in this case.  A reversal of this Court's decision on the issue of standing would terminate this action in federal court and require remand back to state court.  Clearly this litigation will be materially advanced by first resolving the jurisdictional issue.  Also, because reversal of this Court's Order would invalidate any interceding orders of this Court, this Court, with agreement of counsel, shall stay further proceedings pending action by the court of appeals.

IT IS SO ORDERED.

$\underline{\qquad s/\ Jack\ Zouhary \qquad}$
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 2, 2009

9